IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

BILLY GENE HARRIS                                                              PETITIONER
Reg. #06244-062

V.                              NO.  2:09cv00138 JLH-JWC

T.C. OUTLAW, Warden,                                                           RESPONDENT
FCI, Forrest City, AR

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon Holmes.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk within fourteen (14) days after being served with the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the District Judge was not offered at a hearing before the Magistrate Judge.

3. An offer of proof stating the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **RECOMMENDED DISPOSITION**

Billy Gene Harris, an inmate in the Federal Correctional Institution in Forrest City, Arkansas, brings this 28 U.S.C. § 2241 petition for writ of habeas corpus (doc. 1). Respondent filed a response (doc. 8), to which Petitioner replied (doc. 11). For the reasons that follow, the petition should be **denied**.

I.

The procedural history is undisputed. Following a jury trial in the United States District Court for the Northern District of Oklahoma, Petitioner was convicted in 1990 of two counts of first degree murder, in violation of 18 U.S.C. § 1111 and § 1152, and was sentenced to life imprisonment. In a direct appeal, the Tenth Circuit Court of Appeals affirmed his convictions and life sentence, but vacated an order of restitution and remanded for reconsideration. *United States v. Harris*, 956 F.2d 279 (10th Cir.) (unpub.

table op.), *cert. denied*, 504 U.S. 962 (1992).[1]  The restitution order was reimposed on remand and then affirmed in a subsequent appeal.  *United States v. Harris*, 7 F.3d 1537 (10th Cir. 1993).

Petitioner then filed in the Oklahoma district court a 28 U.S.C. § 2255 motion to vacate his convictions, raising thirteen grounds for relief.  The district court denied the motion and Petitioner's application for a certificate of appealability.  The Tenth Circuit also concluded that Petitioner was not entitled to a certificate of appealability, dismissing his appeal.  *United States v. Harris*, 198 F.3d 259 (10th Cir. 1999) (unpub. table op.).[2]

On March 12, 2008, Petitioner filed in this Court a 28 U.S.C. § 2241 petition for writ of habeas corpus.  The petition was dismissed for lack of subject matter jurisdiction because Petitioner had not shown that his remedy under § 2255 was inadequate or

---

[1] The appeal raised the following claims: (1) the district court erred by allowing Petitioner to be prosecuted under 18 U.S.C. § 1153; (2) the district court erred by failing to suppress four involuntary statements; (3) the district court improperly imposed a restitution order; and (4) the prosecutor made improper and prejudicial remarks during closing argument.  *Harris*, 956 F.2d 279, at *1.

[2] As listed by the Tenth Circuit, Petitioner's § 2255 motion raised the following claims: (1) the federal murder statute, 18 U.S.C. § 1111, does not apply to conduct outside the special maritime and territorial jurisdiction of the United States; (2) the Indian country offense statute, 18 U.S.C. § 1153, does not apply to non-Indians, such as Petitioner; (3) the charged offense did not take place on an Indian reservation; (4) the location of the offense fell outside the constitutional jurisdiction of the United States; (5) the trial court lacked jurisdiction over the offense; (6) Congress's legislative powers do not reach the offense; (7) the offense did not take place on allotment land or, if it did, that did not bring the offense within federal territorial jurisdiction; (8) the search of Petitioner's home and his arrest were illegal; (9) there was no probable cause to search or arrest; (10) the indictment was defective in that it was based on illegally procured evidence and alleged as crimes statutory violations which do not apply to Petitioner and over which the United States lacked jurisdiction; (11) Petitioner was illegally detained in constructive federal custody for 27 days without arraignment; (12) trial counsel afforded ineffective assistance; and (13) appellate counsel afforded ineffective assistance.  *Harris*, 198 F.3d 259, at *1-*2.

ineffective to test the legality of his detention. *Harris v. Outlaw*, No. 2:08cv0030-JLH, 2008 WL 2073923 (E.D. Ark. May 12, 2008).³ He did not appeal.

As recited in the recommended dismissal in the previous § 2241 action, Petitioner filed motions in the Oklahoma district court on at least two other occasions which were construed as successive § 2255 motions and transferred to the Tenth Circuit for authorization to proceed pursuant to § 2255(h). Both times, the Tenth Circuit denied authorization to file a successive § 2255 motion. *See id.* at *3.

On September 15, 2009, Petitioner filed this § 2241 habeas petition (doc. 1), advancing the following claims for relief: (1) because no valid probable cause affidavit was issued, the Fourth Amendment was violated and jurisdiction ceased at that point (*id.* at 5, 9, 20-23); (2) the district court lacked jurisdiction to prosecute or convict him because the statute relied upon for subject matter jurisdiction over the charged criminal offenses, 18 U.S.C. § 3231, was not properly enacted in 1948, rendering void his criminal charge, conviction and imprisonment (*id.* at 5-14, 23-45); (3) the actions of the district court judge violated 28 U.S.C. § 455 because he had a direct conflict of interest in ruling on his own jurisdiction (*id.* at 5, 45-49); (4) the trial judge was not an Article III judge and therefore could not sentence him (*id.* at 5, 9, 50-51); (5) the sale of conviction bonds by the district court creates a financial conflict of interest and violates the separation of powers doctrine, rendering his conviction void (*id.* at 5, 9, 51-52); and (6) the prosecutor's action in holding

---

³In the petition, Petitioner argued that his convictions were obtained in violation of due process and he is actually innocent because (1) the residence where the victims were murdered was not Indian country or land, and (2) he could not have committed the murders in violation of 18 U.S.C. § 1111 and § 1153 as he is not an Indian. *Harris*, 2008 WL 2073923, at *3.

4

the grand jury records is unconstitutional, in violation of the separation of powers doctrine, and fraudulent (*id.* at 9).

Respondent argues that, because Petitioner's claims challenge his underlying federal convictions, they are not properly brought in a § 2241 petition.

II.

Petitioner is incarcerated in this judicial district, but this is not the district where his convictions and sentence arose. Issues concerning the lawfulness of a federal conviction and the sentence imposed generally must be brought in the sentencing court through a 28 U.S.C. § 2255 motion to vacate, set aside or correct. *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004); *see* 28 U.S.C. § 2255(a) (a federal prisoner "may move the court which imposed the sentence" to vacate, set aside or correct the sentence). Because a § 2255 motion attacks the *validity* of the conviction or sentence, it is "a further step in the movant's criminal case," and subject matter jurisdiction lies with the court which convicted and sentenced him. *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986); *Thompson v. Smith*, 719 F.2d 938, 940 (8th Cir. 1983). In contrast, a § 2241 habeas corpus petition attacks the *execution* of a sentence, or the manner in which the sentence is being carried out, and it is within the subject matter jurisdiction of the court presiding in the judicial district where the prisoner is incarcerated. *Nichols v. Symmes*, 553 F.3d 647, 649 (8th Cir. 2009); *Matheny v. Morrison*, 307 F.3d 709, 711-12 (8th Cir. 2002); *DeSimone*, 805 F.2d at 323; *Cain v. Petrovsky*, 798 F.2d 1194, 1196 n.3 (8th Cir. 1986).

Petitioner's claims clearly are challenging the validity of his federal convictions and sentence and thus should have been directed to the Oklahoma district court which

convicted and sentenced him or to the appropriate Court of Appeals (in his case, the Tenth Circuit).  It does not appear that Petitioner asserted these particular claims or arguments at trial or in his direct appeal, or in his § 2255 proceedings at the district court or appellate court level.  To the extent that he raised similar claims, they were rejected.  Nothing indicates that he has sought or obtained permission from the Tenth Circuit to proceed with another § 2255 motion raising these particular arguments, as required by § 2255's provisions for successive motions.  *See* 28 U.S.C. § 2255(h) (successive § 2255 motion may be allowed if court of appeals certifies that it is based on "newly discovered evidence" or a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable").  Instead, he seeks recourse through this § 2241 habeas petition in the district of incarceration.

A § 2241 petition for habeas corpus relief "shall not be entertained if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention."  *Id.* § 2255(e).  Because the courts in the sentencing district have already "denied him relief" on his § 2255 motion and Petitioner has "failed to apply" to the proper court for further § 2255 relief, this Court cannot entertain his § 2241 petition unless the § 2255 remedy is "inadequate or ineffective" under the statute's savings clause.

A petitioner has the burden of demonstrating the inadequacy or ineffectiveness of seeking § 2255 relief from the sentencing court.  *Abdullah*, 392 F.3d at 959.  This is a "narrowly-circumscribed 'safety valve.'"  *United States ex rel. Perez v. Warden, FMC Rochester*, 286 F.3d 1059, 1061-62 (8th Cir. 2002).  The mere fact that an individual may

be barred from filing a § 2255 motion for procedural reasons does not render the remedy inadequate or ineffective so as to permit utilization of § 2241. *Abdullah*, 392 F.3d at 959. Specifically, the § 2255 remedy is not inadequate or ineffective merely because the claim was previously raised in a § 2255 motion and denied, because petitioner has been denied permission or does not meet the statutory requirements for filing a second or successive § 2255 motion, or because a § 2255 motion is time-barred. *Id.*

Moreover, a federal prisoner cannot raise, in a § 2241 petition filed in the district of incarceration, an issue which could have been or actually was raised in a direct appeal or a timely § 2255 motion in the sentencing district. *Nichols*, 553 F.3d at 650; *Hill v. Morrison*, 349 F.3d 1089, 1092 (8th Cir. 2003); *Perez*, 286 F.3d at 1063; *United States v. Lurie*, 207 F.3d 1075, 1077-78 (8th Cir. 2000). Where a petitioner had an "unobstructed procedural opportunity" to present a claim, his failure to seize that opportunity does not render § 2255 inadequate or ineffective to test the legality of his conviction or sentence. *Abdullah*, 392 F.3d at 963. There is no evidence that Petitioner took advantage of the opportunity to raise all of his current claims or arguments in his federal trial proceedings, in his direct appeal, in his § 2255 motion, or in his appeal of the § 2255 denial.

Petitioner asserts that § 2241 is the only extraordinary remedy available to him and that this Court has jurisdiction to hear his petition, but has "a direct conflict of interest in ruling on its own jurisdiction," which "almost mandates that all proceedings be stayed" and the case forwarded directly to the United States Supreme Court (doc. 1, at 15-16, 24). He also states that an Iowa district court has his second claim (validity of 18 U.S.C. § 3231) pending before it and this Court should not "proceed to confinement" while the issue is currently pending in this Circuit (*id.* at 24). He also says that failure to grant him a hearing

on the issues presented would violate due process, the "pro se rule" and the "do no harm rule," and would show that this Court is "not independent" (*id.* at 47-48; doc. 11, at 5).

These assertions fail to demonstrate that the § 2255 remedies in the district of sentencing are inadequate or ineffective to test the legality of Petitioner's convictions and sentence. *See Hill*, 349 F.3d at 1091-93. As the above-cited cases make clear, Petitioner is not entitled to proceed under § 2241 because he failed to raise his current claims in his direct appeal or § 2255 proceedings, because the courts in Oklahoma or the Tenth Circuit denied him relief on similar claims, because he believes any further attempts at obtaining relief from those courts would be futile, because he may not meet the stringent requirements for filing a successive § 2255 motion, or because any such motion would be untimely. The remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255. *See Charles v. Chandler*, 180 F.3d 753, 758 (6th Cir. 1999).

Furthermore, the Iowa district case that Petitioner references has been decided adversely to his position. *Hodge v. United States*, No. 5:08cv04072-DEO, docs. 24-25 (N.D. Iowa Mar. 17, 2009) (accessed electronically). Indeed, his arguments about 18 U.S.C. § 3231, constituting the bulk of his pleadings, have been roundly rejected by at least three Courts of Appeals and a legion of district courts. *United States v. Armijo*, 314 Fed. Appx. 113, 114 (10th Cir. 2008) (unpub.); *United States v. Abdullah*, 289 Fed. Appx. 541, 543 n.1 (3d Cir. 2008) (unpub.); *United States v. Collins*, 510 F.3d 697, 698 (7th Cir. 2007) (argument "that Title 18 – the federal criminal code – is unconstitutional because of supposed irregularities in its enactment" is "unbelievably frivolous"); *Cardenas-Celestino*

*v. United States*, 552 F. Supp. 2d 962, 966-68 (W.D. Mo. 2008) (collecting and discussing cases); *United States v. Risquet*, 426 F. Supp. 2d 310, 311-12 (E.D. Pa. 2006).

Additionally, Petitioner has not explained why he did not raise his current claims in his first § 2241 action in this Court. A district court is not required to entertain a habeas application inquiring into the detention of a federal prisoner if the legality of such detention has been determined in a prior federal habeas action. 28 U.S.C. § 2244(a). This provision has been construed as barring a federal prisoner from raising claims in a § 2241 habeas petition that were resolved, or could have been resolved, in a previous § 2241 action. *Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1352 (11th Cir. 2008) (district court properly dismissed § 2241 petition raising claims that had been adjudicated previously in § 2241 action); *Queen v. Miner*, 530 F.3d 253, 255 (3d Cir. 2008) (holding that, under § 2244(a) and the abuse-of-the-writ doctrine, § 2241 petitioner could not raise issues that "either had been, or could have been, decided in his previous habeas action"). Therefore, even if § 2255 did not afford an adequate or effective remedy, Petitioner's claims are barred because he failed to take full advantage of a prior opportunity to raise them in this Court.

Because Petitioner has not demonstrated the inadequacy or ineffectiveness of his § 2255 remedies in the sentencing district, this Court lacks subject matter jurisdiction to entertain the claims raised in this § 2241 habeas action, and it should be dismissed. *See Hill*, 349 F.3d at 1091-93. In addition, the claims should be dismissed as successive due to his failure to present them in his prior § 2241 action in this Court. Dismissal should be with prejudice because Petitioner has not alleged any circumstances which would permit him to proceed under § 2255 in the sentencing district, as any such efforts would be both

untimely and successive. *See* 28 U.S.C. § 2255(f) (federal defendant must file § 2255 motion within one year from the latest of: the date conviction becomes final, the date of removal of any unconstitutional governmental impediment to filing, the date of any United States Supreme Court decision initially recognizing a constitutional right that is retroactively applicable to cases on collateral review, or the date on which the underlying factual predicate could have been discovered through due diligence), § 2255(h) (successive § 2255 motion may be allowed if based on newly discovered evidence or on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable"); *see also Nichols*, 553 F.3d at 650 (district court properly refused to transfer § 2241 petition to sentencing court's jurisdiction where petitioner could not meet § 2255 successive-motion requirements).

III.

Accordingly, this 28 U.S.C. § 2241 petition for writ of habeas corpus (doc. 1) should be **denied, dismissing this action in its entirety with prejudice.**

DATED this 8th day of January, 2010.

_____
UNITED STATES MAGISTRATE JUDGE